IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 2:19-CV-00009-FL

**Melvin P. White, Jr.**,

        Plaintiff,

v.

**United States Internal Revenue Service**,

        Defendant.

**Order &
Memorandum & Recommendation**

      Plaintiff Melvin P. White, Jr. asks the court to allow him to proceed with his action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding in forma pauperis or IFP). The court may grant his request if he submits an affidavit describing his assets and the court finds that he cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). As part of its evaluation of White's request, the court must also consider the viability of his claims. If the court determines that the Complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. 28 U.S.C. § 1915(e).

      Although White qualifies for IFP status, the district court should dismiss his complaint because his tax refund claim is barred by the statute of limitations and he cannot maintain a Bivens claim against the IRS.

## I. Background

White says that he overpaid his federal taxes in an amount totaling $8,720.00 for the years 1987, 1988, 1991, 1996, 1997, and 2004. White does not say when or how he learned of the overpayments, or why the overpayments occurred. Along with seeking a refund, White claims he is entitled to monetary damages from the IRS for a violation of his Fourth Amendment rights stemming from its refusal to refund his overpayment. D.E.1 at 8,19.

White filed his tax returns on time in each year he allegedly overpaid his taxes. In February 2009, he contacted the IRS about a refund for overpayment he made in 1987. Over the next three months, White filed refund requests for the other overpayments. In response, the IRS acknowledged that White overpaid his taxes in 1997 and 2004 but told him that the statute of limitations barred his claim for a refund.

In 2018, nine years after receiving the IRS's response, White sued the IRS in state court. But a state-court judge dismissed his case in February 2019 due to a lack of subject matter jurisdiction. D.E.1 at 9. White filed his claim in federal court that same month.

## II. Application to Proceed in District Court without Prepaying Fees or Costs

White requests permission to proceed without paying the fees and costs typically associated with filing a civil action. The court has reviewed White's Application and has determined that his monthly income does not greatly exceed his monthly expenditures. The court finds that White lacks enough resources to pay the costs associated with litigation, and thus grants the Application (D.E. 1), and will allow White to proceed without full prepayment of fees and costs.

## III. Screening Under 28 U.S.C. § 1915/1915A

As part of its evaluation of White's request, the court must also consider the viability of his claims. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate those claims that

unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

### A. The Statute of Limitations under the Internal Revenue Code

The Internal Revenue Code requires that taxpayers seeking a refund of taxes improperly assessed must first file a claim with the IRS before the taxpayer can seek relief in a court of law. 26 U.S.C. § 7422(a). After exhausting the remedies available to him with the IRS, a taxpayer may seek a refund by bringing a claim in a U.S. district court. 28 U.S.C. § 1346(a)(1).

Congress has established a statute of limitations for claims that a taxpayer has overpaid their taxes. Any claim for a "refund of an overpayment of any tax" must be "filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid[.]" 26 U.S.C. § 6511(a). Yet White did not file his request for a refund until 22 years after he made his first overpayment and 5 years after the most recent overpayment. Thus, his claim is time barred under § 6511(a) and should be dismissed.

### B. Monetary Damages for Violating a Constitutional Right under *Bivens*

Along with a refund, White also seeks monetary damages because, he claims, the IRS's refusal to refund his money qualifies as a Fourth Amendment violation. He brings this claim under *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In *Bivens*, six agents of the Federal Bureau of Narcotics made a warrantless entry into Biven's apartment, searched his home and arrested him on drug charges. Besides illegally searching and arresting Bivens, the agents had "manacled" him in front of his wife and children and threatened to arrest the whole family. *Id.* at 389. Bivens later brought suit in federal court,

3

asserting that the arrest and search were illegal and caused him "great humiliation" and "mental suffering." *Id.* at 389–90. He sought $15,000 from each agent, which the Supreme Court granted, concluding that Bivens successfully stated a cause of action under the Fourth Amendment and thus "[Bivens] is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment." *Id.* at 397.

White is correct that *Bivens* created a cause of action for monetary damages against federal officials. But the Supreme Court has since held that federal agencies, like the IRS, are not subject to *Bivens* claims. *F.D.I.C.* v. *Meyer*, 510 U.S. 471 (1994). Thus, the court should dismiss White's *Bivens* claim.

**IV. Conclusion**

In sum, although the court grants White's IFP claim, the district court should dismiss his complaint because his claims are barred by the statute of limitations.

The Clerk of Court must serve a copy of this Order and Memorandum and Recommendation ("O&M&R") on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: April 11, 2019

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge