IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:19-CV-9-FL

| | | |
|---|---|---|
| MELVIN P. WHITE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES INTERNAL REVENUE SERVICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on frivolity review of plaintiff's pro se complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss plaintiff's complaint. Plaintiff timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the following, the court adopts the M&R, and dismisses the action with prejudice.

## BACKGROUND

Plaintiff commenced this action with a motion for leave to proceed in forma pauperis on February 28, 2019, accompanied by proposed complaint and several exhibits. Plaintiff seeks to bring a tax refund action and <u>Bivens</u>[1] claim against the Internal Revenue Service ("IRS"). Plaintiff alleges that on February 9, 2009, he submitted prior year federal individual income tax returns to the IRS for 1987, 1988, 1991, 1996, 1997, and 2004. Three months later, the IRS disallowed

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

plaintiff's claims, totaling $8,720.00.[2] The IRS explained in a letter to plaintiff that the statute of limitations barred his claim for a refund. Plaintiff also alleges that the IRS violated his Fourth Amendment rights.

Upon initial frivolity review, the magistrate judge recommended dismissal of plaintiff's claims. With respect to plaintiff's tax refund claims, the magistrate judge concluded that the statute of limitations barred relief. Citing United States Supreme Court precedent, the magistrate judge also held that Bivens does not create an implied cause of action against federal agencies. Plaintiff objects to each portion of the M&R.

**COURT'S DISCUSSION**

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

---

[2] Plaintiff disputes his own alleged damages, claiming that the correct amount of taxes overpaid is $9,030.00.

is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

After paying taxes to the IRS and exhausting their administrative remedies, taxpayers may bring a civil action for refund in this court. 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a)(1). "Claim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later" 26 U.S.C. § 6511(a). If the taxpayer does not file a return, the statute of limitations is "within 2 years from the time the tax was paid." Id. § 6511(a).

In 2009, plaintiff filed his claim for refund of tax overpayments in 1987, 1988, 1991, 1996, 1997, and 2004. Upon de novo review of plaintiff's complaint and supporting documents, the court concludes that plaintiff's refund claim is barred by the statute of limitations and must be dismissed.

Cf. Zieg v. United States, 849 F.2d 898, 901 (4th Cir. 1988) ("One who so thoroughly sleeps on his rights is not entitled to so much protection.").

Turning to plaintiff's Fourth Amendment seizure claim, a plaintiff "is entitled to recover money damages for any injuries he has suffered as a result of [federal agents'] violation of the [Fourth] Amendment." Bivens, 403 U.S. at 397. However, a Bivens action is not available against federal agencies such as the IRS. See F.D.I.C. v. Meyer, 510 U.S. 471, 484–86 (1994). Plaintiff's Fourth Amendment claim is dismissed.

## CONCLUSION

Based on the foregoing, upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint is DISMISSED WITH PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of June, 2019.

LOUISE W. FLANAGAN
United States District Judge